The document below is hereby signed.

Signed: April 1, 2013



*S. Martin Teel Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARY ANN TURNER, | ) | Case No. 12-00761 |
| | ) | (Chapter 13) |
| Debtor. | ) | **For Publication in West's** |
| | ) | **Bankruptcy Reporter** |

MEMORANDUM DECISION RE OBJECTION TO SECURED
STATUS ASSERTED BY THE PROOF OF CLAIM OF BANK OF AMERICA, N.A.

Bank of America, N.A. holds a mortgage, in the form of a deed of trust, against real property in which the debtor has an interest. The bank neglected to record its deed of trust, signed by the debtor, in the land records of the District of Columbia. It then filed a civil action in the Superior Court of the District of Columbia, seeking to compel the debtor to execute the necessary forms to permit the bank to record its deed of trust. Incident to that civil action, the bank filed a notice of lis pendens. Thereafter, the debtor commenced this case under Chapter 13 of the Bankruptcy Code. Relying on *In re Arnold*, 483 B.R. 515 (Bankr. N.D. Ill. 2012), the debtor has objected to the bank's proof of claim's assertion of a secured claim, on the basis that the bank's deed of trust was not perfected by way of

recordation.

I

Under District of Columbia law, the bank's deed of trust (unless it is avoided) is enforceable against the debtor's interest in the real property even though the deed of trust was not recorded.  *See* D.C. Code § 42-401 (2001).  The chapter 13 trustee has not sought to avoid the deed of trust.

The debtor has no power to avoid the deed of trust.  The debtor has exempted her interest in the property, but under 11 U.S.C. § 522(c)(2)(A), the bank's lien remains enforceable against the property despite the exemption unless it is avoided.  Although courts are split on the issue:

> The better reasoned decisions hold that, in contrast to the provisions authorizing a chapter 13 debtor to pursue causes of action that are property of the estate, none of the provisions of chapter 13 authorize a chapter 13 debtor to sue on a trustee's avoidance powers (under, for example, 11 U.S.C. §§ 544 (unperfected liens), 547 (preferences), or 548 (fraudulent conveyances)) other than pursuant to 11 U.S.C. § 522(h).

*Dawson v. Thomas (In re Dawson)*, 411 B.R. 1, 24 (Bankr. D.D.C.

2008).[1]  I conclude that a chapter 13 debtor cannot exercise a trustee's avoidance powers except to the extent authorized by 11 U.S.C. § 522(h), a provision of no applicability here.[2]  Accordingly, the lien remains enforceable as between the debtor and the bank.

The debtor relies on *In re Arnold* as requiring the court to treat the bank's lien as ineffective, but there the court interpreted a Illinois statute under which (with an exception of no relevance here):

> *from the time a mortgage is recorded it shall be a lien upon the real estate* that is the subject of the mortgage for all monies advanced or applied or other obligations secured in accordance with the terms of the mortgage or

---

[1] Stating in a footnote:

*See Knapper v. Bankers Trust Co. (In re Knapper)*, 407 F.3d 573, 583 (3d Cir.2005); *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 220 (4th Cir.1994); *Stangel v. United States (In re Stangel)*, 219 F.3d 498, 501 (5th Cir.2000); *Hansen v. Green Tree Servicing, LLC (In re Hansen)*, 332 B.R. 8 (10th Cir. BAP 2005); *but see Houston v. Eiler (In re Cohen)*, 305 B.R. 886, 897 (9th Cir. BAP 2004).

[2] Even if the trustee had avoided the bank's lien, with the lien preserved for the benefit of the estate under 11 U.S.C. § 551, the debtor would not be permitted to exempt the lien under 11 U.S.C. § 522(g) (specifically because § 522(g)(1)(A) makes an exemption under § 522(g) available only if "such transfer was not a voluntary transfer of such property by the debtor").  It follows that even though the trustee has not attempted to avoid the lien, the debtor may not invoke 11 U.S.C. § 522(h) to avoid the lien, for § 522(h) applies only "to the extent that the debtor could have exempted such property under subsection (g)(1) of this section" if the trustee had avoided the lien.

3

> as authorized by law, including the amounts specified in a judgment of foreclosure in accordance with subsection (d) of Section 15-1603.

735 Ill. Comp. Stat. 5/15-1301 (emphasis added).  District of Columbia law, in contrast, treats a deed of trust as an effective lien from the moment of execution, with recordation only affecting the enforceability of the deed of trust against subsequent purchasers or lienors.

*In re Arnold*, 483 B.R. at 522, concluded that an unrecorded mortgage does not fit within the definition of a lien in 11 U.S.C. § 101(37) because a mortgage is not a "charge against or interest in property to secure payment of a debt" unless the mortgage is enforceable against other creditors.  That conclusion is readily rejected.  Undeniably, a mortgage or deed of trust is intended to be a charge against the property to secure payment of a debt.  Section 101(37) does not purport to require that the transferred "charge against or interest in property" be enforceable against other creditors in order for a lien to exist.  Instead, the treatment of liens that are not enforceable against other creditors is addressed by the avoidance powers set forth in chapter 5 of the Bankruptcy Code.  Under 11 U.S.C. § 101(54), the term "transfer" includes the creation of a lien or any other parting with an interest in property.  Accordingly, the creation of a lien is a transfer to which a trustee's avoidance powers may apply.  Under 11 U.S.C. § 544, a trustee may be able to avoid a

lien if it would not be enforceable against other creditors. Section 544 would be rendered surplusage if § 101(37) by itself treated unperfected mortgages (mortgages that are ineffective against other creditors) as not constituting a lien.  It follows that § 101(37) does not include in the definition of "lien" that the charge against the debtor's property have been perfected against other creditors.

Finally, as the mortgage in *In re Arnold* would be avoided by a chapter 7 trustee if the case were pending in chapter 7, the court concluded that the mortgagee must be treated as not having an allowed secured claim because a ruling to the contrary "would run afoul of the best-interests-of-creditors test of 11 U.S.C. § 1325(a)(4)."  *In re Arnold*, 483 B.R. at 522.  That reasoning is unpersuasive.  Even though § 1325(a)(4) requires a debtor's plan to provide for distributions on unsecured claims equal in value to the distributions they would receive in a chapter 7 case upon the mortgagee's lien being avoided, that does not answer the question whether the lien remains intact unless and until it is avoided.  Treating the unperfected lien as not giving rise to a secured claim based on § 1325(a)(4) gives the debtor indirectly what the debtor could obtain directly only if a debtor were authorized to exercise a trustee's avoidance powers.  If the Bankruptcy Code does not authorize a debtor to exercise a trustee's avoidance powers, the court ought not circumvent that

5

lack of authority by treating the debtor as empowered to treat the lien as ineffective (which amounts to an avoidance of the lien) by invoking § 1325(a)(4).  Section 1325(a)(4) does not purport to be an avoidance power, and ought not be morphed into one.

II

The debtor has not invoked 11 U.S.C. § 502(d) as a basis for her objection to the bank's proof of claim, but she has implicitly done so in viewing the bank's lien as unperfected, for an unperfected lien is avoidable under 11 U.S.C. § 544.  Section 502(d) provides:

> Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

Section 502(d) does not require that the transfer have been avoided before an objection is made under that provision.  The majority rule is that this is true even if the statute of limitations on an avoidance proceeding has expired.  Even if the bank's lien is avoidable under § 544, § 502(d) does not alter the outcome, for the debtor lacks standing to invoke § 502(d).

Although a debtor is entitled to object to a claim under 11 U.S.C. § 502(a) (permitting a party in interest to object to a

claim), § 502(d) does not use the term "party in interest" and depends upon a showing that the lien is avoidable pursuant to a power vested only in a trustee.  A debtor cannot circumvent the restriction against her exercising a trustee's avoidance powers by objecting to the claim under § 502(d) and invoking defensively a power reserved to a trustee.  *Holloway v. IRS (In re Odom Antennas, Inc.)*, 340 F.3d 705, 709 (8th Cir. 2003); *Energy Income Fund, L.P. v. Compression Solutions Co. (In re Magnolia Gas Co.)*, 255 B.R. 900, 914-15 (Bankr. W.D. Okla. 2000); *United Jersey Bank v. Morgan Guar. Trust Co. (In re Prime Motor Inns, Inc.)*, 135 B.R. 917, 920-21 (Bankr. S.D. Fla. 1992).[3]

                                III

For all of those reasons, an order follows overruling the debtor's *Amended Objection to Claim #3 of Bank of America.*[4]

[Signed and dated above.]

Copies to: Recipients of e-notification of orders.

---

[3]  It is unclear whether a successful § 502(d) objection would gain the debtor much.  Section 502(d) does not provide for affirmative avoidance relief.  Accordingly, even if the trustee successfully objected to the claim pursuant to § 502(d), but did not avoid the lien, it would remain in place, and it arguably would be unaffected by the debtor's plan upon the completion of the plan.

[4]  Here, because a notice of lis pendens was on file before this case commenced, it is not clear whether the bank's deed of trust can be avoided.  The debtor does not allege that she has attempted to cause the chapter 13 trustee to pursue an adversary proceeding to avoid the bank's deed of trust, and I do not opine whether the chapter 13 trustee is empowered to so proceed, and can be compelled to so proceed.